WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel B Belt,<br><br>    Plaintiff,<br><br>v.<br><br>Greg Hanchett,<br><br>    Defendant. | No. CV-22-00409-PHX-DJH<br><br>**ORDER** |

Pending before the Court is Defendant Greg Hanchett's ("Defendant") Motion to Dismiss (Doc. 14). *Pro se* Plaintiff Daniel Belt ("Plaintiff") filed a Response (Doc. 16). Defendant filed a Reply (Doc. 17). Also pending is Plaintiff's Demand for Equal Protection of the Law (Doc. 18). Defendant did not file a Response and the time to do so has passed. *See* LRCiv 7.2(c).

**I.    Background**

On June 8, 2021, Plaintiff filed a Homeowners Association ("HOA") Dispute Process Petition ("Petition") with the Arizona Department of Real Estate ("ADRE") alleging the Beaver Valley Improvement Association ("BVIA") violated A.R.S. § 33-1812(6). (Doc. 1-1 at 26). On September 10, 2021, the ADRE's Office of Administrative Hearings ("OAH") held a hearing before Administrative Law Judge ("ALJ") Sondra Vanella. Plaintiff and BVIA both appeared along with two witnesses. (*Id.*) On October 5, 2021, the ALJ dismissed Plaintiff's Petition because he failed to prove by a preponderance of the evidence that the BVIA violated A.R.S. § 33-1812(6). (*Id.* at 29).

Plaintiff then submitted a timely rehearing request of the ALJ's decision to the ADRE Commissioner. (*Id.* at 30). On December 13, 2021, the Commissioner granted a rehearing and assigned the case to the same ALJ, Sondra Vanella. (*Id.* at 44).

On January 19, 2022, the OAH Director Greg Hanchett ("Director") ordered the BVIA to respond to Plaintiff's request for a change of judge. (*Id.* at 51). On January 31, 2022, the Director rescinded this order because Plaintiff was not seeking a request for a change of judge. (*Id.* at 54). Instead, the Director concluded that Plaintiff sought to have him "review the earlier proceedings in some appellate capacity and pass judgment on the propriety of that proceeding." (*Id.*) The Director declined to do so, stating there was "no authority contained in either statute or rule that would permit the Director to undertake such action." (*Id.*)

Defendant represents that a rehearing of Plaintiff's Petition occurred on March 10, 2022, and that Plaintiff did not participate. (Doc. 14 at 4). According to Defendant, at the rehearing the ALJ found that Plaintiff failed to meet his burden and dismissed his petition against the BVIA. (*Id.*) Defendant further represents Plaintiff did not seek judicial review of the final decision and instead filed this action. (*Id.*) In his Response Plaintiff does not contest these representations regarding the rehearing and affirms he "stated unequivocally that he would not participate in the rehearing and did not participate in the rehearing."[1] (Doc. 16 at ¶ 5).

On April 5, 2022, Plaintiff filed his Amended Complaint, alleging Defendant violated the Equal Protection Clause because Defendant failed to review and justify the ALJ's decision and failed to enforce various criminal statutes. (Doc. 10 at 22–33). On May 5, 2022, Defendant filed a Motion to Dismiss under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, arguing the Court lacks subject matter jurisdiction and that Defendant is immune from suit. (Doc. 14 at 4–7).

**II.    Legal Standard**

Under Federal Rule of Civil Procedure ("Rule") 12(b)(1), a defendant may seek to

---

[1] The Court notes neither Plaintiff nor Defendant provided a record of the rehearing.

dismiss a complaint for lack of jurisdiction over the subject matter. A federal court is one of limited jurisdiction. *See Gould v. Mut. Life Ins. Co. v. New York*, 790 F.2d 769, 774 (9th Cir. 1986). It therefore cannot reach the merits of any dispute until it confirms its own subject matter jurisdiction. *See Steel Co. v. Citizens for a Better Environ.*, 523 U.S. 83, 95 (1998). Plaintiff, as the party seeking to invoke jurisdiction, has the burden of establishing that jurisdiction exists. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

### III. Discussion

Defendant argues Plaintiff's Amended Complaint is an improper collateral attack on the ALJ's final decision. (Doc. 14 at 4). Defendant contends Plaintiff's request to find Defendant violated the Equal Protection Clause because of Defendant's failure to review and justify the decision is a *de facto* appeal of the ALJ's decision that is precluded by the *Rooker–Feldman* doctrine. (*Id.*) Defendant further argues Plaintiff's claim is barred by res judicata. (*Id.* at 6). In Response, Plaintiff argues that he is not seeking review of the administrative decision and that his failure to appeal the decision in state court is "a monument to misdirection and illogic." (Doc. 16 at ¶ 5). Instead, he argues the Amended Complaint "is a direct and vociferous attack on wantonly egregious violations of Arizona felony criminal statutes, which violations have been aided and abetted by Defendant Hanchett, at the expense of BVIA property owners' Constitutional right to Equal Protection of the Laws." (*Id.*)

### I. *Rooker–Feldman*

The *Rooker–Feldman* doctrine prohibits federal district courts from exercising subject matter jurisdiction over final state court judgments. *Reusser v. Wachovia Bank, N.A.*, 525 F. 3d 855, 858-59 (9th Cir. 2008). The doctrine may also apply "where the parties do not directly contest the merits of a state court decision, as the doctrine 'prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a *de facto* appeal from a state court judgment.'" *Id.* (internal citations omitted) (emphasis in original). A federal action constitutes a *de facto* appeal where the "claims raised in the

federal court action are 'inextricably intertwined' with the state court's decision." *Id.* (quoting *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003). Accordingly, the Court must first determine whether Plaintiff's equal protection clause claim constitutes a *de facto* appeal of the ALJ's decision.

Defendant argues Plaintiff's equal protection clause claim constitutes a *de facto* appeal of the ALJ's final decision and thus the *Rooker–Feldman* doctrine bars Plaintiff's action. Defendant relies on *Dommisse v. Napolitano* to support this proposition. 474 F. Supp. 2d 1121, 1128 (D. Ariz. 2007), *aff'd*, 340 F. App'x 384 (9th Cir. 2009). There, the plaintiff had a full hearing before the Arizona Medical Board ("Board") and appealed the Board's censure decision to the Arizona Superior Court ("Superior Court"). *Id.* at 1124. The Superior Court affirmed the Board's findings and conditions of censure. *Id.* The plaintiff did not appeal the Superior Court's decision or the Board's censure decision. He instead filed suit in federal court, claiming the Board violated his constitutional procedural due process and equal protection rights. *Id.*

In *Dommisse*, the federal court concluded it was divested of jurisdiction over the claim under the *Rooker–Feldman* doctrine. The court reasoned that the plaintiff's constitutional claims were inextricably related to his disciplinary case and "if this court were to find the Board denied [the plaintiff] procedural due process, this court would be implicitly overruling the Superior Court's judgment upholding in part the decision of the Board." *Id.* at 1132. The court found *Rooker–Feldman* forbade that and thus the plaintiff's only recourse was to seek review from the United States Supreme Court. *Id.* The Ninth Circuit affirmed the court's findings.

Here, Plaintiff's equal protection claim is similarly a *de facto* appeal of the ALJ's decision. In his Amended Complaint, Plaintiff alleges that ALJ Sondra Vanella aided and abetted "felony crimes" committed by the HOA Vice President when the ALJ did not justly resolve Plaintiff's issues with the HOA in his favor. (Doc. 10 at ¶ 11). Plainly, Plaintiff's constitutional claim is inextricably intertwined with the ALJ's decision and thus a "forbidden de facto appeal." *See Bianchi v. Rylaarsdam*, 334 F.3d 895, 900 n.4 (9th Cir.

2003) (explaining that under the *Rooker–Feldman* doctrine "[i]t is immaterial that [the plaintiff] frames his federal complaint as a constitutional challenge to the state court['s] decision[ ], rather than as a direct appeal of [that decision]"); *Noel v. Hall*, 341 F.3d 1148, 1156 (9th Cir. 2003) ("when a losing plaintiff . . . brings a suit in federal district court asserting as legal wrongs the allegedly erroneous legal rulings of the state court and seeks to vacate or set aside the judgment of that court, the federal suit is a forbidden de facto appeal"). Under the *Rooker–Feldman* doctrine, this Court is without jurisdiction to review Plaintiff's equal protection clause claim and it will be dismissed. *Contra Noel*, 341 F.3d at 1156 ("On the other hand, where the federal plaintiff does not complain of a legal injury caused by a state court judgment, but rather of a legal injury caused by an adverse party, *Rooker–Feldman* does not bar jurisdiction.").[2]

## II. Res Judicata

Even if Plaintiff's Amended Complaint is not dismissed for lack of subject matter jurisdiction under the *Rooker–Feldman* doctrine, it may still be subject to dismissal under res judicata. *See Dommisse*, 474 F. Supp. 2d at 1125 (citing *Exxon Mobil Corporation v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005) ("*Rooker–Feldman* does not override or supplant preclusion doctrines of comity and abstention, such as collateral estoppel and res judicata.")). This is because preclusion is not a jurisdictional matter. *Id.* at 291–93.

Federal courts must accord the same preclusive effect to a state administrative decision that the state itself would apply. *Id.* at 1128 (citing *Univ. of Tenn. v. Elliott*, 478 U.S. 788, 798–99 (1986)). Under Arizona law, a party to an administrative determination may file an appeal with the superior court. *Olson v. Morris*, 188 F.3d 1083, 1086 (9th Cir.1999); A.R.S. § 12–902. "Failure to do so makes the administrative decision final and res judicata." *Id.* at 1131 (citing *Olson*, 188 F.3d at 1086). "'This doctrine binds the same party standing in the same capacity in subsequent litigation on the same cause of action not only upon facts actually litigated but also upon those points that might have been

---

[2] Here, Plaintiff does not complain of a legal injury caused by a state court judgment but does complain the ALJ deprived him of equal protection of the laws. (Doc. 10 at ¶ 11).

- 5 -

litigated.'" *Id.*

### A. Final Decision

Defendant argues that Plaintiff's Amended Complaint is barred by the doctrine of res judicata because it seeks to relitigate issues heard and decided by the ALJ that were not appealed and became final. (Doc. 14 at 7). The Court must therefore first determine whether the ALJ's decision at issue here was final.

A.R.S. § 12-904(A) provides that an appeal from a final administrative decision must be filed with the superior court within 35 days after the date of the decision. The ALJ dismissed Plaintiff's Petition on October 5, 2021. (*Id.* at 26). On November 9, 2021, Plaintiff filed a rehearing petition with the Commissioner. (*Id.* at 30). On December 13, 2021, the Commissioner granted a rehearing and assigned the case to the same ALJ, Sondra Vanella. (*Id.* at 44). Defendant represents, and Plaintiff confirms, a rehearing ultimately occurred on March 10, 2022, and that Plaintiff did not participate. (Doc. 14 at 4). According to Defendant, at the rehearing the ALJ found that Plaintiff failed to meet his burden and dismissed his petition against the BVIA. (*Id.*) Plaintiff did not seek judicial review of the decision and instead filed this action. (*Id.*)

Based on this timeline, Plaintiff was required to file any appeal of the ALJ's decision with the Maricopa County Superior Court by April 15, 2022. Nothing in the record indicates Plaintiff did so. Plaintiff's failure to appeal makes the administrative decision final. *Olson*, 188 F.3d at 1086.

### B. Adequacy of State's Administrative Forum

Before applying res judicata, however, the Court must first assess the state's administrative forum to ensure "that, at a minimum, it meets the state's own criteria necessary to require a court of that state to give preclusive effect to the state agency's decisions." *Olson*, 188 F.3d at 1086. The Supreme Court has provided the following fairness requirements: (1) that the administrative agency acted in a judicial capacity, (2) that the agency resolved disputed issues of fact properly before it, and (3) that the parties had an adequate opportunity to litigate. *United States v. Utah Construction & Mining Co.*,

- 6 -

384 U.S. 394, 422 (1966).

Neither Defendant nor Plaintiff addresses whether the ADRE's OAH process comported with the requirements of *Utah Construction*. Nonetheless, it is clear to the Court that the state administrative process here comport with these requirements. First, Plaintiff filed an HOA Petition with the ADRE and the ADRE's OAH held a hearing on September 10, 2021, before ALJ Sondra J. Vanella. (Doc. 1-1 at 26, ¶ 1). The ADRE thus acted in a judicial capacity. Second, Plaintiff's petition alleged the BVIA ("Respondent") violated A.R.S. § 33-1812(6) because it "refused to give [Plaintiff] the ballots containing the names, addresses and signatures, in compliance with A.R.S. 33-1812(6)." (*Id.* at ¶ 2). The ALJ dismissed Plaintiff's Petition because he failed to prove by a preponderance of the evidence that Respondent violated A.R.S. § 33-1812(6). (*Id.* at 29, ¶ 6). The ALJ found the Respondent permitted Plaintiff the opportunity to review the ballots at issue, but Plaintiff declined to do so and instead "demanded copies of the ballots" and "the way in which each member cast their respective votes." (*Id.*) The ballots, however, were intended to be secret pursuant to the community documents, and A.R.S. § 33-1895(B)(4) also precluded Respondent from disclosing such personal information. (*Id.*) The ALJ therefore found Plaintiff failed to sustain his burden to establish Respondent violated the statute. (*Id.*) Based on this analysis, the Court finds the ALJ resolved the disputed issues of fact properly before her. Last, both parties made appearances and two witnesses testified, one on Plaintiff's behalf and the other on Defendant's. (*Id.* at ¶ 3). The parties thus had an adequate opportunity to litigate the issue. The Court therefore finds the ADRE's OAH process comported with the requirements of *Utah Construction*. Because those requirements are met, the OAH's decision must be given preclusive effect. *See Elliott*, 478 U.S. at 798–99.

### C. Application of Res Judicata

In his Amended Complaint, Plaintiff alleges the Defendant violated the equal protection clause because Defendant failed to review and justify the ALJ's decision and failed to enforce various criminal statutes. (Doc. 10 at 22–33). Under Arizona law,

however, "an unappealed administrative decision is 'conclusively presumed to be just, reasonable and lawful.'" *Olson*, 188 F.3d at 1086. "This principle applies even to alleged constitutional errors that might have been corrected on proper application to the court which has jurisdiction of the appeal." *Id.* Plaintiff represents he "stated unequivocally that he would not participate in the rehearing and did not participate in the rehearing." (Doc. 16 at ¶ 5). Plaintiff made this choice. Likewise, Plaintiff did not appeal the ALJ's final rehearing decision. It is now res judicata and may not be challenged in federal court. His allegation that Defendant violated the equal protection clause could have been brought before the state court under A.R.S. § 12-904(B). However, Plaintiff failed to do so and is precluded from litigating it now. *See Olson*, 188 F.3d at 1083 (finding that under res judicata an unappealed final administrative decision precluded plaintiff from litigating "those points that might have been litigated"); *Dommisse*, 474 F. Supp. 2d at 1128 (finding plaintiff's failure to appeal the final administrative decision precluded him from raising constitutional claims in the district court because he could have raised those claims in the state proceeding).

A *pro se* Plaintiff should normally be given an opportunity to amend the complaint to overcome a deficiency unless it is clear that no amendment can cure the defect. *See Lopez v. Smith*, 203 F.3d 1122, 1129–1131 (9th Cir. 2000). Here, however, res judicata bars Plaintiff's claim and thus no amendment can cure the defects. The Court will therefore dismiss the Complaint without leave to amend it. *See Cook, Perkiss and Liehe, Inc. v. Northern Calif. Collection Serv., Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (the court need not grant leave to amend when amendment would not cure the defects in the pleading).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Greg Hanchett's Motion to Dismiss (Doc. 14) is **granted** and Plaintiff's Motion for Equal Protection of the Laws (Doc. 18) is **denied**.

…

…

**IT IS FURTHER ORDERED** that the Clerk of Court shall terminate this matter.

Dated this 28th day of November, 2022.

_____
Honorable Diane J. Humetewa
United States District Judge